UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                          Criminal Case No. 22-cr-20312-2
                                          Honorable Linda V. Parker

KEITH M. HASKINS,

      Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER

On May 3, 2023, Defendant Keith M. Haskins pled guilty to two charges of a five count Superseding Indictment. (ECF no. 74.) Specifically, Defendant pled guilty to: (i) conspiracy to possess with the intent to distribute fentanyl, methamphetamine, and cocaine in violation of 21 U.S.C. § 846; and (ii) possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). (*Id.*) Sentencing is scheduled for August 23, 2023. The matter is now before the Court on Defendant's Motion for Revocation of Detention Order. (ECF No. 76.) The Government opposes Defendant's motion. (ECF No. 79.)

As Defendant has pled guilty and is awaiting sentence, his motion is governed by 18 U.S.C. § 3143, not 18 U.S.C. § 3142 which applies to a defendant

awaiting trial. Under § 3143, there is a presumption of detention for a defendant awaiting sentencing where the applicable guidelines recommend a term of imprisonment. 18 U.S.C. § 3143(a)(1). If the defendant has been found guilty of certain specified offenses, including, as applicable here, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act[,]" the court must order the person detained unless:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; *or*
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; *and*
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

*Id*. § 3143(a)(2) (emphasis added). Based upon careful review, this Court finds that none of the criteria for departing from the presumption of detention apply.

As Defendant has pled guilty, there is no basis to find a substantial likelihood that he will be acquitted or granted a new trial. The Government indicates that because Defendant faces a mandatory minimum of ten years' imprisonment, it will be recommending a sentence of at least that length. (ECF No. 79 at Pg ID 224-25.) Thus, this is not a case where "the Government has recommended that no sentence of imprisonment be imposed . . . ." One of these circumstances must be present before the Court needs to even consider whether

there is clear and convincing evidence that Defendant will not flee or pose a danger to any other person of the community. And Defendant bears the burden of showing that he does not pose a risk of flight or dangerousness. *United States v. Vance*, 851 F.2d 166, 170 (6th Cir. 1988)). Defendant does not satisfy that burden.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Revocation of Detention Order (ECF No. 76) is **DENIED**.

                                                  s/ Linda V. Parker
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: June 1, 2023